WARD et al. *v.* THE AGRICULTURAL BANK OF MISSISSIPPI.

Where it appears by any evidence that property has been appropriated by judicial authority for the satisfaction of a foreign judgment, the judgment could not have been rendered executory here, even before the stat. 1 June, 1846, without showing what disposition had been made of the property; it being impossible to say, without such evidence, what amount, if any, is due on the judgment.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Elmore* and *W. W. King,* for the appellants. *L. Peirce,* for the garnishee. The judgment of the court was pronounced by

EUSTIS, C. J.† In November, 1842, the plaintiffs obtained judgment in the State of Mississippi, against the Agricultural Bank of Mississippi, a corporation established in that State; and, on the 21st of January, 1846, executory processs was awarded by the court of the late First Judicial District, and *Samuel Nicholson,* of New Orleans, was made garnishee. He answered the interrogatories propounded to him; his answers were traversed by the plaintiffs; and the grounds are distinctly set forth in the traverse, by which the garnishee is sought to be made liable for the whole amount of the judgment. The court below rendered judgment on the traverse in favor of the garnishee, and the plaintiffs have appealed.

It appears by the answers of the garnishee that, at a sheriff's sale made on an

---

WARD
*v.*
AGRICULTURAL
BANK.

execution issued on a judgment rendered by the late Commercial Court of New Orleans, in the suit of *William* and *James Brown* v. *The Agricultural Bank*, in which suit *Nicholson* had been made a garnishee, he purchased certain notes, which had originally belonged to the bank, on account of the *Messrs. Brown*, whose agent and partner he was. These notes were at the time in his possession, and had been received by the agent of the *Messrs. Brown* in pledge from the bank, and were sent to New Orleans for the purpose of being attached, in order that they might be bought in on their account, and thus a portion of their debt from the bank be realized. The sheriff's sale and the whole proceedings, are charged in the traverse as having been collusive and fraudulent, and the pledge set up by the *Messrs. Brown* as being null and void. It was excepted to the traverse, on behalf of the garnishee, that the matters and things stated therein could only be alleged and put at issue in a direct action.

The case has been very fully argued on its merits, but there is an objection to the mode of proceeding adopted by the plaintiffs which results from the evidence adduced, which must first be examined.

The plaintiffs, residing in New York, obtained their judgment in the State of Mississippi. It was rendered executory in this State, under an article in the Code of Practice which has been since repealed. *Scott* v. *Duke*, ante p. 253. As the process was issued and executed previous to the repeal, let us consider what rights the plaintiffs acquired under it. The condition in which this judgment stands in the State of Mississippi, will be best explained by the testimony of the trustee of the bank. He says: " *Ward & Co.* have received portions on account of their claim; they hold a judgment in Adams county, Mississippi, and they sell checks on the sheriff to debtors of the bank, which are received by the sheriff and credited on their judgment. *Ward & Co.* held the assets to the amount of $300,000, set aside by the Chancery Court of Mississippi, for the payment of the judgment; thinks *Ward & Co.* refused to take Agricultural Bank money from the debtors of the bank for their claim, and there is a suit in Chancery still pending on the question."

It is insisted that these assets will be unavailable to the plaintiffs in consequence of the right which the debtors have, and insist on, of paying depreciated notes of the bank, and that their only recource for the of their judgment, depends on the result of this suit. Conceding that the collection of their debt in Mississippi will be embarrassed, and that the result of the proceedings there is doubtful, yet the proceedings are judicial and instituted and conducted by the plaintiffs themselves, and the court can only look to their legal effect on the process under which they seek to make the garnishee liable.

In the case of *The Bank of Tennessee* v. *McKee*, 2 An. 461, we held that, where it appeared by the transcript that, a *fieri facias* had been issued on a judgment rendered in another State, and had been levied upon property, without showing what disposition had been made of the property, the judgment could not be rendered executory in this State, under the article of the Code of Practice before mentioned, because it would be impossible to say, on the evidence, what amount, if any, is due on the judgment. 5 Howard Miss. R. 627. 7 Cowen R. 13. 3 Rob. 103. If, by any evidence, it appears that property has been appropriated under judicial authority for the satisfaction of a judgment, the same rule obviously applies, and it would be an abuse of justice to award summarily an execution against the property of the debtor under that state of things.

WARD
v.
AGRICULTURAL
BANK.

The *Messrs. Brown* had received a large amount of the property and assetts of the bank to secure their debt, and the plaintiffs debt is in the situation stated. The contest is between these parties, which shall be paid their own debt, to the exclusion of all other creditors. There is no particular equity on either side, and we consider that the law is clearly with the garnishee.

Considering that the judgment rendered on the garnishment for the defendant, will be no bar to a direct action by the plaintiffs, on the matters by them charged, it is ordered that the same be affirmed, with costs.