No. 13,656.

106   305
s110 703

SUCCESSION OF JOHN J. GRAGARD.
EDWARD PIERSON, ADMINISTRATOR, VS. CANAL BANK.

SYLLABUS.

1. A warehouse receipt not paraphed "for hypothecation," etc., as required by Section 2 of Act 72 of 1876, cannot serve as the subject of a pledge ; nor can such a warehouse receipt be validly pledged without the affidavit required by Section 4 of the same act.

2.  Considering that the cotton in controversy was being held to await better prices, and that the defendant took possession of same and sold same without right, the defendant is made to account for the value of the cotton, not at the price at which the cotton was sold, but at the price which obtained a few months after the sale.

APPEAL from the Civil District Court, Parish of Orleans.—*St. Paul, J.*

*James F. Pierson* and *Horace E. Upton,* for Edward Pierson, Administrator, Appellant.

*Branch K. Miller,* for Defendant, Appellee.

The opinion of the court was delivered by

PROVOSTY, J.  Names and amounts changed, the petition in this suit is identical with that in the suit of the same plaintiff against the Metropolitan Bank just decided, except that in the present suit there is not a demand for money on deposit.  The defenses also are the same, except that in the present suit the warehouse receipts contained a better description of the cotton, the consignors' marks on each bale being given.

It is claimed by the plaintiff that these consignors' marks on each bale are not sufficient to identify the cotton, it being possible that the cotton of different consignors should have the same marks, and, also, that part of the cotton of the consignor might be included in the pledge, and part not be included without there being any possibility of discriminating between the two.  The event proved, however, that it was possible to identify the cotton by means of the warehouse receipts held by the defendant bank; hence we believe that the cotton was sufficiently described in the receipts.  But the receipts were not paraphed "for hypothecation," as required by Section 2 of Act 72 of 1876, and the pledgor did not make the affidavit required by Section 4 of the same act; and, in consequence, we must hold here as in the case against the Metropolitan Bank that the pledge was invalid.

We held in the case of the Metropolitan Bank, and we repeat, that in the present suit the administrator is standing in judgment as a trustee of the creditors of the succession and not as the representative of the decedent; and that, therefore, he has a cause of action to bring back this property into the succession in order that it may be divided ratably among the creditors of the succession.

There having been no pledge, the action of the defendant bank in taking possession of the cotton was wrongful; and, as a consequence, the cotton, or its value, must be restored, and the defendant must compensate the succession for all expenses to which the succession has been put in the effort to rectify the wrong.

Considering that the cotton was being held for better prices, we think that the owners of it should be given the benefit of the better prices that prevailed within a few months afterwards, say, by the middle of the following cotton season, or say the average of the prices that prevailed during the month of November, 1899.

The expenses necessarily incurred in recovering possession of the cotton consist in the attorney's fees. These we fix at $333.33.

It is therefore ordered, adjudged and decreed, that the Canal Bank, defendant herein, pay to Edward Pierson, administrator of the Succession of John J. Gragard, the value of the five hundred and ninety-four (594) bales of cotton involved in this suit; provided, that in respect to those bales whereof the consignors have ratified the sale, and whereof the surplus from the proceeds of sales over and above the debt to the Succession of Gragard has been paid to the consignors, there be paid to the plaintiff only the amount due to the Succession of Gragard; the value of said cotton to be determined by the weights and classifications according to which said cotton was sold and by a price determined by averaging the prices of cotton of corresponding quality as quoted by the New Orleans Cotton Exchange during the month of November, 1899; the usual expenses attending the selling of cotton to be deducted from said value.

It is further ordered, adjudged and decreed, that the amount thus decreed to be paid by the defendant herein to the Succession of Gragard, bear interest at the rate of 5 per cent. from the 30th day of November, 1899.

It is further ordered, adjudged and decreed, that this cause be remanded to the lower court for the purpose of ascertaining the value of the cotton in controversy, and also of ascertaining the amounts paid as aforesaid to the owners of said cotton in accordance with the provisions of the present decree.

It is further ordered, adjudged and decreed, that the defendant pay the costs of suit in both courts.

NICHOLLS, C. J., and BREAUX, J., dissent.

Rehearing refused, December 2, 1901.