(34 South. 742.)

No. 14,609.

Succession of GRAGARD.

PIERSON v. METROPOLITAN BANK.

(June 22, 1903.)

INSOLVENT SUCCESSION—RIGHTS OF CREDITORS—WRONGFUL POSSESSION OF ASSETS —PLEA OF COMPENSATION.

1. The creditor of an insolvent succession having been condemned to pay the succession the value of property of the succession, of which he had wrongfully taken possession after the opening of the succession and sold, he cannot plead in compensation of the judgment thus rendered against him an ordinary debt due him by the deceased. Such a case is one of the exceptions established by the code to the rule of compensation.

Nicholls, C. J., and Breaux, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of John J. Gragard. Action by Edward Pierson, administrator, against the Metropolitan Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

James F. Pierson and Horace E. Upton, for plaintiff. Dinkelspiel & Hart, for defendant.

PROVOSTY, J. John J. Gragard, a commission merchant and cotton factor in the city of New Orleans, died insolvent. He had transferred to the defendant bank in pledge to secure a loan of money the warehouse receipts for certain bales of cotton which he held for account of his customers. After his death the defendant induced the warehouse to deliver this cotton. The plaintiff administrator of the insolvent estate brought this suit to recover the cotton, or the value thereof, on the ground that the cotton had not been pledged to defendant; the supposed pledge by which defendant had obtained possession of it having been invalid, and of no effect, and that defendant had wrongfully taken possession of the cotton after the death of Gragard. The suit came to this court, and the contention of the administrator was upheld (30 South. 885[1]); and, the cotton having been sold pending the suit, the defendant bank was condemned to pay to the admin-

---

[1] 106 La. 298.

'istrator the value thereof. The case was remanded to the lower court for the carrying out of the decree. The defendant bank thereupon filed an amended answer showing that it was the holder of the notes representing the loan for the security of which the invalid pledge had been made, and that the said debt had become due and exigible before the death of Gragard, and pleading said notes pro tanto in compensation of the debt under the judgment, and, in the alternative, praying judgment against the succession of Gragard for the amount of said notes.

First, as to the plea of compensation. In the case of Yale v. Nolan, 3 La. Ann. 450, this court said: "The wrongful act of Nolan in obtaining possession of goods which were the common pledge of the insolvent's creditors, and which he was required to restore to the syndic, did not establish the relation of mutual indebtedness from which compensation results. To sanction Nolan's present claim would be to permit him indirectly to secure an unjust preference over other creditors. His only right is to his ratable distribution of the funds of the insolvent." See, also, Bank v. Keenan, 35 La. Ann. 1131, and cases there cited. As this court has heretofore held that the defendant bank had obtained possession of this cotton wrongfully after the death of Gragard, the above cases are conclusive against the compensability of the two debts.

As the judgment rejecting the reconventional demand as in case of nonsuit is not complained of, all that need be said about it is that it is correct.

Judgment affirmed.

NICHOLLS, C. J., and BREAUX, J., dissent.