PROVO STY, J.
John J. Gragard, a commission merchant and cotton factor of the city of New Orleans, died insolvent. He had delivered to the defendant bank, in pledge for the security of a loan, a warehouse receipt for cotton which he held for his customers, and upon which he had made advances of money to his said customers. After his death the defendant bank obtained the delivery of the cotton from the warehouse, and the administrator of the succession brought the present suit to recover back the cotton, or the value thereof, on the ground that the pledge was invalid, and the taking possession of the cotton wrongful. Pending the suit, the defendant bank of its own authority sold the cotton. The case came to this court, and this court held (30 South. 888, 106 La. 305) as follows:
“We held in the Case of Metropolitan Bank [30 South. 885 [1]], and we repeat, that in the present suit the administrator is standing in judgment as a trustee of the creditors of the succession, not as a representative of the decedent, and that, therefore, he has a cause of action to bring back this property into the succession, in order that it may be divided ratably among the creditors of the succession. There having been no pledge, the action of the defendant bank in taking possession of the cotton was wrongful; and, as a consequence, the cotton, or its value, must be restored, and the defendant must compensate the succession for all expenses *706 to which the succession has been put in the effort to rectify the wrong.”
The case was sent back to the lower court for the carrying out of the judgment condemning the defendant bank to pay the value of the cotton, and in the lower court the defendant bank filed an amended answer, pleading in compensation of the judgment the debt for which the pledge had been attempted to be made, and in the alternative praying for judgment against the succession for said debt.
The lower court rejected as of nonsuit the demand in reconvention, and since, in defendant’s brief, no complaint is made on that score, we will not notice that part of the judgment further, except to say that it was correct.
The argument of counsel in support of the plea of compensation rests upon the premise that the defendant bank got possession of the cotton rightfully, before Gragard’s death; when this court has already found in this case, as shown by the above excerpt, that defendant got possession of the cotton wrongfully, after Gragard’s death. On this point of compensation the present case cannot be distinguished from that of the same plaintiff against the Metropolitan Bank (this day decided) 34 South. 742, ante, p. 702.
The rights of the creditors of an insolvent succession are determined as of the day of the opening of the succession by the death of the debtor. Thereafter creditors cannot better their position by taking wrongful possession of the property of the succession. This court has decided that the defendant bank had no right of pledge over this cotton; therefore defendant was nothing more than an ordinary creditor of the succession. If so, defendant must take its chances with the other creditors in the distribution of the funds of the estate, and cannot be allowed to take wrongful possession of the property of the succession, and, when sued for restitution, to plead compensation.
When this case was here before, it appearing that some of the consignors of the cotton had ratified the sale made of their cotton by the defendant bank, this court, in remanding the case, directed that as to the cotton of these particular consignors the defendant bank might account to the plaintiff for only the amount of the indebtedness of these eon-signors to the succession. In the lower court question arose as to whether S. H. Havard, one of the consignors, had thus ratified the sale of his cotton.
The evidence shows that Havard was holding his cotton for higher prices, and that when he learned that his cotton was in pledge to the defendant bank he came to New Orleans, and went to the bank, with his brother, prepared to pay all that he owed on the cotton, and redeem it, and that the bank refused to permit the redemption. The evidence shows further that he requested the bank to turn over his cotton to a commission merchant named by him, and he says that his purpose was to have this commission merchant hold the cotton for him, to await better prices. The defendant bank put the cotton in the hands of its own commission merchant to be sold, and notified Havard of the fact by letter; and, because Havard made no answer to the letter, the contention is now put forward that he consented to the sale of his cotton. But he had already done all that he was required to do to redeem his. cotton, and thereafter the bank acted at its-, peril. We think that our learned Brother-of the lower court erred in holding that Havard consented, to or ratified this disposition of his cotton. The judgment must be amended in that particular.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to increase to $16,082.55 the amount which the defendant bank is to pay to the plaintiff administrator, and that, as thus amended, it be affirmed.
NICHOLLS, O. J., and BREAUX, J., dissent.

 106 La. 298.